IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| John Moglia, | ) | |
|---|---|---|
| Petitioner, | ) | C/A No. 2:18-cv-148-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bonita S. Moseley, *Warden*, | ) | |
| Respondent. | ) | |

The Petitioner, John Moglia, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief, challenging an administrative disciplinary action he received while incarcerated at the Federal Correctional Institution Williamsburg. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) D.S.C., this matter was referred to a magistrate judge for pretrial handling. Respondent filed a motion to dismiss (ECF No. 11), and Petitioner responded (ECF No. 15). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the motion to dismiss be granted. (ECF No. 17). The magistrate judge alerted Petitioner of his right to file objections to the Report. *Id.* at 10. However, Petitioner filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

1

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 17), which is incorporated herein by reference. Because the court has considered matters outside the pleadings, the motion to dismiss is treated as a motion for summary judgment.[*] *See* Fed. R. Civ. P. 12(d). Accordingly, for the reasons stated in the Report, the Respondent's motion to dismiss, which has been construed as a motion for summary judgment, (ECF No. 11), is **GRANTED**. The Petition is, therefore, **DENIED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 25, 2018

---

[*] The magistrate judge set forth the proper summary judgment standard in her Report and applied such standard throughout. Neither party has objected to the court construing this motion as a motion for summary judgment, nor did they supply the court with additional material that would be pertinent to such motion, though they had a reasonable time to do so.